## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:
JOHN ALLEN YANCHUNIS, SR.   Case NO. 8:16-bk-10109-MGW
   Debtor.       Chapter 11
_____/

NANCY HARRISON,
   Plaintiff,
v.

JOHN ALLEN YANCHUNIS, SR.,
And
JAMES HOYER, P.A.
F/K/A/ JAMES, HOYER, NEWCOMER & SMILJANICH, P.A.,
   Defendant.
_____/

### COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR AND TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE AND FOR DECLARATORY RELIEF

The Creditor, Nancy Harrison ("Harrison") now sues the Defendant, John Allen

Yanchunis, Sr. ("Yanchunis"), pursuant to 11 U.S.C. § 523, 11 U.S.C. § 727, and Fed.R.Bkrtcy.

P. 7001 (4), and (6), and James Hoyer, P.A., f/k/a James, Hoyer,  Newcomer & Smiljanich, P.A.

("JHNS") for declaratory relief, and states:

### INTRODUCTION

1.  Yanchunis, an experienced bankruptcy attorney, induced Harrison, a woman he

was dating, to loan him a sum of money, and later borrowed additional money.  He documented

the "loan" that the loan was "secured" by an interest in his prior law firm, James, Hoyer,

Newcomer & Smiljanich, PA ("JHNS") but failed to take any steps to perfect the interest.  He

also borrowed money from a Boston Finance Group, LLC ("Boston") and purportedly secured

that loan by the same collateral.  He allowed both Harrison and Boston to obtain judgments

1

("Harrison Judgment" and "Boston Judgment," respectively).  During the one year period before he filed this Chapter 11, he filed for dissolution of marriage with his wife, no support order was entered, he transferred his wife an unknown amount of money believed to be in excess of two hundred thousand dollars, Yanchunis fraudulently transferred $60,640.09 to his Wife on the eve of the bankruptcy filing, and also, borrowed $140,000 on the eve of the bankruptcy filing from a third party but did not disclose that loan on his initial schedules.  After the Court entered a Debtor In Possession Order (DIP Order) Yanchunis violated the terms of the DIP Order by withdrawing large sums of cash post-petition without maintaining a cash disbursements journal, and paying expenses of and transferring money to his wife and adult children.  The Debtor also failed to schedule indebtedness of $69,175.60 to his pre-petition attorneys, PersanteZuroweste in his original bankruptcy schedules.  He has since filed amended schedules listing the undisclosed debts.  About six weeks prior to filing for bankruptcy protection, Yanchunis represented that he is the owner of a joint banking account with his wife, and that account does not appear to be disclosed in his bankruptcy schedules.

2.      This Complaint seeks a final order determining that Yanchunis should be denied a discharge pursuant to 11 U.S.C. § 727 (a) (2) (A),  § 727 (a) (2) (B), § 727 (a) (3), § 727 (a) (4), § 727 (a) (5), and §  727 (a) (6), and seeks a determination that Harrison's debt is excepted from discharge and is non-dischargeable pursuant to 11 U.S.C. §  523 (a) (2) (A), § 523 (a) (2) (B), and § 523 (a) (4).

3.      Prior to the filing of the Petition, Boston filed a UCC Financing Statement ("Boston UCC") and recorded a Judgment ("Boston Judgment"), and Harrison executed a "Term Sheet" with JHNS that led to her assignment of her interest in proceeds of two Yanchunis lawsuits and JHNS acquiring Harrison's interest and right to Yanchunis' stock in JHNS and

membership interest in Founders Funding.  This Complaint seeks a declaratory judgment as to whether Yanchunis is entitled to any setoff against the Harrison Judgment for amounts paid by JHNS to Harrison.

## II.    JURISDICTION

4.      Yanchunis, as a Debtor, filed a voluntary Chapter 11 Petition on November 28, 2016, Case No. 8:16-bk-10109-MGW.

5.      Harrison is listed as a creditor.

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

7.      The relief requested in this Complaint is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(I) and (J).

8.      Venue **is** appropriate in this Court pursuant to 28 U.S.C. §1409(a).

## III.    FACTS

9.      Prior to February 2011, Yanchunis and Harrison were involved in a close personal relationship.

10.     Prior to February 2011, Yanchunis requested that Harrison loan Yanchunis the sum of $144,636.00, and represented to Harrison:

    a.  The amount was necessary for Yanchunis to make a "cash call" to the law firm that he was then associated with, JHNS;

    b.  The amount would be secured by all of his "stock" in JHNS and a related entity identified as "Founders Funding," which is "Founders Funding Group, LLC," a Florida Limited Liability Company related to JHNS;

      c.   The amount was secure, guaranteed, and would be repaid to Harrison in the immediate future upon the receipt by Yanchunis of funds from JHNS; and

      d.   Yanchunis owned 14% of JHNS and 14% of Founders Funding.

11.     Yanchunis drafted and signed a "Promissory Note and Security Agreement," Exhibit A, and delivered it to Harrison in consideration of the receipt of $144,600.00, attached and incorporated as Exhibit A.

12.     The Operating Agreement of Founders Funding Group, LLC, prohibited any pledge or hypothecation of Yanchunis' purported interest unless Harrison, as secured party, agreed to a pledge or hypothecation agreement requiring Harrison, as secured party, to be bound by the terms of Article VIII of the Operating Agreement, and any attempted transfer in violation was void.  Yanchunis did not present to Harrison a copy of the Operating Agreement or obtain the necessary documents properly perfecting any interest of Harrison, and any purported security interest of Harrison was therefore, unbeknownst to Harrison, void ab initio.

13.     At the time Yanchunis drafted and induced Harrison to loan him money in consideration for the delivery of  Exhibit A, Yanchunis, as an attorney, knew that Harrison was not represented by counsel, Yanchunis induced Harrison to repose trust and confidence in Yanchunis, Harrison was induced to and did repose trust and confidence in Yanchunis based on the representations of Yanchunis, Yanchunis accepted the trust and confidence reposed in Yanchunis by Harrison, Yanchunis knew that Harrison was relying on Yanchunis to create a commercially reasonable and legally binding loan transaction, Yanchunis knew that he had the duty to ensure that all money loaned by Harrison was properly perfected against the collateral described in Exhibit A, and as a result thereof, Yanchunis had a direct fiduciary duty to Harrison.

14.    Yanchunis, as a member of the Florida Bar, was obligated to deal fairly with unrepresented persons, which required Yanchunis to:

    a.  Explain to Harrison that Yanchunis was representing only himself;

    b.  Explain honestly and accurately the material terms of the documents drafted by Yanchunis so that Harrison could fully understand the actual effect of the documents;

    c.  Because the transaction was one-sided, Yanchunis was under an ethical obligation to make sure that Harrison, as an unrepresented party, understood the possible detrimental effect of the transaction and that Yanchunis' loyalty lied only with Yanchunis.

15. Yanchunis breached the aforesaid duties described in Paragraph 13 and Paragraph 14 by:

    a.  Failing to advise Harrison to obtain independent counsel;

    b.  Failing to utilize commercially reasonable and standard promissory notes and security agreements that included standard terms of default including attorneys' fees necessary to collect amounts due and enforce the promissory note, default interest, and acceleration of the balance due in the event of default;

    c.  Failing to perfect any security interest of Harrison by obtaining and delivering certificates endorsed in blank or otherwise;

    d.  Failing to comply with the requirements of the underlying operating agreements and corporate governance documents to create a valid hypothecation of any securities purportedly owned by Yanchunis;

e.  Failing to prepare a proper security agreement, recording required UCC financing statements;

f.  Failing to take any semblance of effort to make sure that Harrison understood that the document drafted by Yanchunis failed to properly document a loan of this nature under commercially reasonable and standard terms; and

g.  Expending the loan proceeds knowing that Harrison's interests were not protected in conformance with Harrison's understanding of the terms of the loan as represented by Yanchunis and knowing that Harrison's interests were not properly perfected.

16.     On July 17, 2013, Yanchunis executed an "Agreement and Assignment," Exhibit B, wherein Yanchunis agreed that all statutes of limitation as to any claim of Harrison are abated pending notice by Yanchunis, and Yanchunis has not notified Harrison of the termination of abatement.  In this Agreement and Assignment, Yanchunis reconfirmed the amount due and confirmed the assignment of proceeds of pending lawsuits.

17.     On February 11, 2015, Harrison filed a UCC Financing Statement, Exhibit C.

18.     Yanchunis pledged the same collateral pledged to Harrison to Boston shortly after pledging the collateral to Harrison, and on March 9, 2015, Boston filed a UCC Financing Statement, Exhibit D, claiming a security interest in the same collateral as claimed by Harrison.

19.     On or about August 25, 2015, Harrison executed an "Assignment," Exhibit E, assigning to JHNS (the "JHNS Assignment").  The JHNS assignment and related documents provide that Harrison, in consideration for the sum of $145,000.00,  assigned "her interest and all rights to the Stock collateral," referring to "Nancy Harrison's security interest in the stock owned by John Yanchunis in JHNS and Founders Funding Group, LLC," and also provide that

Harrison, in consideration for $5,000.00, assigned whatever interest Harrison has in proceeds of litigation between Yanchunis, as Plaintiff, and JHNS and Founders Funding Group, LLC, as Defendants.

20.     On August 28, 2015, Harrison obtained final judgment against Yanchunis in the amount of $279,741.00, plus 4.75% interest, Exhibit F ("Harrison Judgment").

21.     On February 10, 2016, Harrison filed an Electronic Judgment Lien Certificate, Exhibit G.

22.     On November 23, 2016, Yanchunis filed a Motion for Relief from Judgment or alternatively, Motion to Determine Sums Owed to Plaintiff and other Relief, Exhibit H, alleging in pertinent part that Harrison had not disclosed the receipt of $150,000 from JHNS, that Yanchunis had lost his shares of JHNS worth $1.7 million dollars, and that the Harrison Judgment should be set aside.

23.     On November 28, 2016, Yanchunis filed this Chapter 11 Case.

**IV.     COUNT ONE: OBJECTION TO DISCHARGE  § 727 (a) (2) (A)**

24.     This is an action against Yanchunis objecting to discharge and requesting that a discharge be denied, pursuant to 11 U.S.C. § 727 (a) (2) (A).

25.     Harrison realleges Paragraphs 1 through 23.

26.     By taking the foregoing action, Yanchunis, with intent to hinder, delay, or defraud a creditor has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the debtor, within one year before the date of the filing of the petition, and as a result thereof, Yanchunis, as debtor, should be denied a discharge.

Wherefore; Harrison requests this Court to deny discharge, to award costs pursuant to Fed.R.Bankrtcy. P. 7054, and such other relief as the Court deems appropriate.

## V.       COUNT TWO:  OBJECTION TO DISCHARGE § 727 (A) (2) (B)

27.       This is an action against Yanchunis objecting to discharge and requesting that a discharge be denied, pursuant to 11 U.S.C. § 727 (a) (2) (B).

28.       Harrison realleges Paragraphs 1 through 23.

29.       By taking the foregoing action, Yanchunis, with intent to hinder, delay, or defraud a creditor has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the debtor, property of the estate, after the date of the filing of the petition, and as a result thereof, Yanchunis, as debtor, should be denied a discharge.

Wherefore; Harrison requests this Court to deny discharge, to award costs pursuant to Fed.R.Bankrtcy. P. 7054, and such other relief as the Court deems appropriate.

## VI.       COUNT THREE:  OBJECTION TO DISCHARGE § 727 (a) (3)

30.       This is an action against Yanchunis objecting to discharge and requesting that a discharge be denied, pursuant to 11 U.S.C. § 727 (a) (3).

31.       Harrison realleges Paragraphs 1 through 23.

32.       By taking the foregoing action, Yanchunis, as the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, such act or failure to act was not justified under all of the circumstances of the case, and as a result thereof, Yanchunis, as debtor, should be denied a discharge.

Wherefore; Harrison requests this Court to deny discharged, to award costs pursuant to Fed.R.Bankrtcy. P. 7054, and such other relief as the Court deems appropriate.

**VII.   COUNT FOUR:  OBJECTION TO DISCHARGE § 727 (a) (4) (A).**

33.   This is an action against Yanchunis objecting to discharge and requesting that a discharge be denied, pursuant to 11 U.S.C. § 727 (a) (4) (A).

34.   Harrison realleges Paragraphs 1 through 23.

35.   By taking the foregoing action, Yanchunis, as the debtor, knowingly and fraudulently, in or in connection with the case, made a false oath or account, and as a result thereof, Yanchunis, as debtor, should be denied a discharge.

Wherefore; Harrison requests this Court to deny discharged, to award costs pursuant to Fed.R.Bankrtcy. P. 7054, and such other relief as the Court deems appropriate.

**VIII.   COUNT FIVE:  OBJECTION TO DISCHARGE § 727 (a) (5).**

36.   This is an action against Yanchunis objecting to discharge and requesting that a discharge be denied, pursuant to 11 U.S.C. § 727 (a) (5).

37.   Harrison realleges Paragraphs 1 through 23.

38.   By taking the foregoing action, Yanchunis, as the debtor, has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities, and as a result thereof, Yanchunis, as debtor, should be denied a discharge.

Wherefore; Harrison requests this Court to deny discharged, to award costs pursuant to Fed.R.Bankrtcy. P. 7054, and such other relief as the Court deems appropriate.

**IX.   COUNT SIX:  OBJECTION TO DISCHARGE § 727 (a) (6).**

39.   This is an action against Yanchunis objecting to discharge and requesting that a discharge be denied, pursuant to 11 U.S.C. § 727 (a) (6).

40.     Harrison realleges Paragraphs 1 through 23.

41.     By taking the foregoing action, Yanchunis, as the debtor, has refused in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify, and as a result thereof, Yanchunis, as debtor, should be denied a discharge.

Wherefore; Harrison requests this Court to deny discharged, to award costs pursuant to Fed.R.Bankrtcy. P. 7054, and such other relief as the Court deems appropriate.

**X.     COUNT SEVEN:   DETERMINATION OF NON-DISCHARGEABILITY §
727 (a) (2) (A).**

42.     This is an action to determine that the debt to Harrison is non-dischargeable pursuant to 11 U.S.C. § 727 (a) (2) (A).

43.     Harrison realleges Paragraphs 1 – 23.

44.     By taking the foregoing actions, the debt of Yanchunis to Harrison is for money obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition, and as a result thereof, the debt of Yanchunis to Harrison should be determined to be non-dischargeable.

Wherefore; Harrison requests this Court to enter an order determining the debt of Yanchunis to Harrison to be non-dischargeable, to award costs pursuant to Fed.R.Bkrtcy. P. 7054,  and for such other relief as the Court deems appropriate.

**XI.     COUNT EIGHT; DETERMINATION OF NON-DISCHARGEABILITY §
727 (a) (2) (B).**

45.     This is an action to determine that the debt to Harrison is non-dischargeable pursuant to 11 U.S.C. § 727 (a) (2) (B).

46.     Harrison realleges Paragraphs 1 – 23.

47.     By taking the foregoing actions, the debt of Yanchunis to Harrison is a debt for money obtained by use of a statement in writing:

(i)      that is materially false;

(ii)     respecting the debtor's or an insider's financial condition;

(iii)    on which Harrison, the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv)    that the debtor caused to be made or published with intent to deceive.

48.     As a result thereof, the debt of Yanchunis to Harrison should be determined to be non-dischargeable.

Wherefore; Harrison requests this Court to enter an order determining the debt of Yanchunis to Harrison to be non-dischargeable, to award costs pursuant to Fed.R.Bkrtcy. P. 7054,  and for such other relief as the Court deems appropriate.

## XII.     COUNT EIGHT; DETERMINATION OF NON-DISCHARGEABILITY § 727 (a) (4).

49.     This is an action to determine that the debt to Harrison is non-dischargeable pursuant to 11 U.S.C. § 727 (a) (4).

50.     Harrison realleges Paragraphs 1 – 23.

51.     By taking the foregoing actions, the debt of Yanchunis to Harrison is a debt arising from fraud or defalcation while acting in a fiduciary capacity.

52.     As a result thereof, the debt of Yanchunis to Harrison should be determined to be non-dischargeable.

Wherefore; Harrison requests this Court to enter an order determining the debt of Yanchunis to Harrison to be non-dischargeable, to award costs pursuant to Fed.R.Bkrtcy. P. 7054, and for such other relief as the Court deems appropriate.

**XIII.    COUNT    NINE:        ACTION    FOR    MONEY    JUDGMENT    OF NONDISCHARGEABLE CLAIMS.**

53.      This is an action for a money judgment of nondischargeable claims.

54.      Harrison realleges Paragraphs 1- 53.

55.      The Harrison Judgment excludes claims based on fraud and breach of fiduciary duty.

56.      Yanchunis breached his fiduciary duty to Harrison by taking the foregoing actions.

57.      The foregoing actions constitute constructive fraud and fraud.

58.      The foregoing claims are nondischargeable, and are presently unliquidated.

59.      The claims will be paid from property of the estate, and this Court therefore has jurisdiction to liquidate all amounts due and owing from Yanchunis to Harrison.

60.      Yanchunis agreed that all statutes of limitation are abated.

61.      As a proximate cause of Yanchunis' breach of fiduciary duty, constructive fraud, and fraud, in addition to the amounts owed under the Harrison Judgment, Yanchunis has caused Harrision damages in the amount of legal fees and costs incurred through securing the amounts due and collection actions and enforcement of amounts due.

Wherefore; Harrison demands judgment of all amounts due under the Harrison Judgment, and all unliquidated amounts due for all fees and costs incurred by Harrison in the enforcement of the loan documents drafted by Yanchunis.

12

**XIV.   COUNT TWELVE:  ACTION FOR DECLARATORY RELIEF.**

62.     This is an action against Yanchunis and JHNS for declaratory relief pursuant to Fed.R.Bkrtcy. P. 7001 and 28 U.S.C. §  2201.

63.     Harrison realleges paragraphs 1 -23.

64.     Harrison received $150,000 from JHNS for the JHNS Assignment.

65.     The JHNS assignment and related documents provide that Harrison, in consideration for the sum of $145,000.00,  assigned "her interest and all rights to the Stock collateral," referring to "Nancy Harrison's security interest in the stock owned by John Yanchunis in JHNS and Founders Funding Group, LLC," and also provide that Harrison, in consideration for $5,000.00, assigned whatever interest Harrision has in proceeds of litigation between Yanchunis, as Plaintiff, and JHNS and Founders Funding Group, LLC, as Defendants.

66.     Yanchunis' Assignment to Harrision, Exhibit B, provides that Harrision was "assigned any proceeds  . . . to the extent necessary to pay in full his obligations to Harrison." The Exhibit B assignment did not reduce indebtedness owed by Yanchunis to Harrison or otherwise limit Harrison's ability to pursue collection of the entire amount due Harrison pending any receipt of proceeds of litigation.

67.     The amounts paid by JHNS to Harrison were not "proceeds" of any litigation but were payments made in consideration for the JHNS Assignment.

68.     Harrison asserts that Yanchunis is not entitled to a set-off or reduction in amounts due Harrision by virtue of the payment received from JHNS for the JHNS Assignment.

69.     Harrison is entitled to collect the full amount due from Yanchunis without any reduction or set-off of amounts received by Harrison from JHNS.

70.    JHNS agreed that the underlying debt was not acquired by JHNS, and that Harrison would retain the unsecured promise to pay.

71.    Yanchunis has an interest in this declaratory action and is a necessary party in determining whether Yanchunis is entitled to any set-off or reduction of claims owed and any other rights that the JHNS Assignment purportedly affects.

72.    JHNS has an interest in this declaratory action and is a necessary party in determining whether Yanchunis is entitled to any set-off or reduction of claims owed and any other rights that the JHNS Assignment purportedly affects.

73.    The parties are in need of a declaration as to whether and to what extent Yanchunis is entitled to any reduction or set-off in the claim of Harrison to liquidate a claim in this bankruptcy case.

Wherefore; Plaintiff requests this Court to enter a final adjudication of the total amount due Harrison from Yanchunis, to determine what, if any, set-off or reduction Yanchunis is entitled to as a result of the JHNS Assignment, and such other rights of the parties as may be necessary to liquidate the amount due Harrison from Yanchunis, and for such other relief as the Court deems appropriate.

Dated:  February 17, 2017                Respectfully submitted,

Donald J. Schutz
Donald J. Schutz, Esq.
Fla Bar No. 382701
535 Central Avenue
St. Petersburg, FL 33701
727-823-3222
727-895-3222 Telefax
727-480-4425 Cell
donschutz@netscape.net
don@lawus.com
Attorney for Plaintiff Nancy Harrison